The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  CR24-086 TL |
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| KEITH DANIEL FREERKSEN, | |
| Defendant. | |

The United States of America, by and through Tessa M. Gorman, United States Attorney for the Western District of Washington, and Cecelia Gregson, Assistant United States Attorney, respectfully submits this Sentencing Memorandum.

Defendant Keith Daniel Freerksen plead guilty to one count of Travel with Intent to Engage in a Sexual Act with a Minor in violation of 18 U.S.C. § 2434(b) and one count of Enticement of a Minor in violation of U.S.C. § 2422(b).  The Plea Agreement included a waiver of Defendant's appellate rights.  Sentencing is scheduled for February 5, 2025, at 10:00 a.m.

For the reasons that follow, the government recommends a total term of imprisonment of two-hundred-forty months concurrent with Van Buren County, Michigan cause number 24000110FY, followed by lifetime supervision under the conditions recommended by U.S. Probation.  Restitution is expected to be requested by the victim, but has not yet been provided to the government.

Government's Sentencing Memorandum - 1
*United States v. Keith Daniel Freerksen* CR24-086 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

I.    FACTUAL BACKGROUND

Beginning in November 2022, and continuing until April 2023, while MV (born in 2009), was 13 years old and resided in Alaska, and again between May 2023, and continuing until January 8, 2024, when MV was thirteen and fourteen-years-old and resided in Mount Vernon, Washington, Keith Daniel Freerksen (born in 1993), electronically communicated with MV on various social medial platforms to include Omegle, Snapchat, Instagram, and TikTok. *Dkt.* 33, ¶ 9. Freersken communicated with MV from his residence in South Haven Township, Michigan. *Id*. During that period, Freersken knowingly utilized a cellular telephone and the internet to engage in communications with MV in an attempt to persuade, induce, and entice MV to engage in sexual activity which was illegal due to MV's age. *Id.* Freersken sent MV a phone in order to circumvent parental restrictions and communicate without interference. *Id*. Those communications were sexually explicit in nature and included nude video chats. *Id.* Freerksen also requested MV to produce child sexual abuse material and send it to him via various social media applications. *Id*. MV complied. *Id.*

Between January 3, 2024, and January 8, 2024, Freersken knowingly and intentionally travelled from South Haven Township, Michigan, and Mount Vernon, Washington, to engage in vaginal and oral intercourse with MV, who was 14 years old at the time. *Id*. Freersken picked MV up from Mount Vernon, Washington, on or about January 8, 2024, and returned to South Haven Township, Michigan, where he kept MV at his residence until law enforcement located and rescued MV on or about January 24, 2024. *Id.*

MV minimized Freerksen's abduction and abuse at the onset of his arrest and the immediate aftermath. *Bates 584-593*. As her parents drove MV and her bags of stuffed animals and personal effects across the country to Washington State, it struck them that Freerksen had manipulated their child beyond recognition. In October 2023, MV met with a Special Agent from the Federal Bureau of Investigation and was able to provide details about Freerksen previously unknown to law enforcement. *Bates 1992-2002*. Freerksen provided

Government's Sentencing Memorandum - 2
*United States v. Keith Daniel Freerksen* CR24-086 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

affection and support to MV during tumultuous relationships at school and home. *Id*. He "love-bombed" MV with affection and repeated assurances that she was not the problem. *Id*. Freerksen circumvented communication protections while MV was in a secure health facility and convinced MV during prohibited phone calls that she was the problem and if she came to live with him in Michigan, it would be better for everyone involved. *Id*. MV described wanting to make things better for her mom and thinking Freerksen knew best. *Id*. Each and every time MV lost the nerve to run away, Freerksen convinced her to come live with him and reminded her how much she negatively impacted the lives of her family members by "making their lives so much worse." *Id*. MV described feeling sick leaving with Freerksen and thought he might kill her as he was a grown up and she realized she was just a little girl. *Id*.

Once in his control and custody, Freerksen immediately plied MV with alcohol, marijuana, and nicotine. *Id*. The two stayed in a motel Freerksen secured in Idaho on their way back to Michigan. Freerksen sexually assaulted MV the first night. *Id*. Freerksen did not use any form of protection with MV when he began sexually assaulting her once they arrived at his makeshift residence in Michigan. *Id*. Freerksen sexually assaulted MV as much as ten times a day and produced videos of his abuse. *Dkt*. 1 at 5.

MV's family was severely traumatized by her disappearance as described in painful detail by her mother. Upon return to Washington, MV was unable to sleep alone. *Impact Statement of Mother*. MV's peers, neighbors, school, and social networks were well aware of the abuse she suffered which provided no escape from the trauma, guilt, and pain. *Id*. After law enforcement recovered MV from Michigan, Freerksen sent a letter from the Federal Detention Center to her family home in Mount Vernon, Washington. It appeared Freerksen knew MV's address by heart, which struck chords of fear into the hearts of MV and her mother and caused the entire family to abruptly move to a new secure location. ¶ PSR 25.

Government's Sentencing Memorandum - 3
*United States v. Keith Daniel Freerksen* CR24-086 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14

Freerksen remained in custody following his arrest on January 31, 2024, in Van Buren County, Michigan until his transfer to the Federal Detention Center on May 2, 2024, on a charge of Travel with Intent to Engage in a Sexual Act with a Minor charged via Complaint. *PSR* § 1. Freerksen ultimately plead guilty to a two count Superseding Indictment on November 6, 2024, to the crimes of Travel with Intent to Engage in a Sexual Act with a Minor and Enticement of a Minor. *PSR* ¶ 1. Freerksen plead guilty to both charges on November 8, 2024, in United States District Court for the Western District of Washington and plead guilty later that same date to Criminal Sexual Misconduct First Degree, Criminal Sexual Misconduct Third Degree, and Children – Accosting for Immoral Purposes in Van Buren County, Michigan under cause number 24000110FY. Both jurisdictions have agreed to a two-hundred-forty month sentence to run concurrently. *PSR* §54. A virtual sentencing on the Van Buren County, Michigan case is scheduled to follow his sentencing before this Court on February 5, 2025.

15
16

## II.    GUIDELINES CALCULATIONS

17
18
19
20
21
22

The maximum term of imprisonment for Travel with Intent to Engage in a Sexual Act with a Minor as charged in Count I, is thirty years. 18 U.S.C. § 2423(b). The maximum term of imprisonment for Enticement of a Minor as charged in Count II, is lifetime imprisonment with a mandatory minimum sentence of one-hundred-twenty months pursuant to 18 U.S.C. § 2427. Count 1 and 2 are grouped for guideline calculation purposes because they involve the same victim and two or more acts or transactions connected by a common criminal objective or common scheme or plan. USSG § 3D1.2(b).

23
24
25

The government concurs with United States Probation's calculation of Freerksen's Guidelines range as follows:

26

Base Offense Level                              32       USSG § 2G2.1[1]

27
28

---

[1] As the offense involved causing the minor to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct, USSG §2G1.3 directs the use of USSG § 2G2.1.

Government's Sentencing Memorandum - 4
*United States v. Keith Daniel Freerksen* CR24-086 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | |
|---|---|---|
| Minor under 16 years old | +2 | USSG § 2G2.1(b)(1)(B) |
| Commission of Sex Act | +2 | USSG § 2G2.1(b)(2)(A) |
| Use of Computer | +2 | USSG § 2G2.1(b)(6) |
| Pattern of Activity | +5 | USSG § 4B1.5 |
| **Total** | **43** | |

The defendant entered a timely plea and has accepted responsibility. Accordingly, a three-level decrease is warranted pursuant to USSG §3E1.1(a) and (b). Thus, his total offense level is forty. With three criminal history points, Freerksen is in Criminal History Category II. His advisory Guidelines range is therefore three-hundred-twenty-four months to four-hundred-five months. The parties expressly agreed to a recommend a term of two-hundred-forty months imprisonment to run concurrently with the Van Buren County, Michigan prosecution under cause number 24000110FY for the repeated sexual assault of MV.

### III.     SENTENCING RECOMMENDATION

A sentence of two-hundred-forty months imprisonment to run concurrently with the Van Buren County, Michigan case number 24000110FY followed by lifetime supervision is sufficient, but not greater than necessary, to accomplish the goals outlined in 18 U.S.C. § 3553(a).

#### 1.     The Nature and Circumstances of the Offense

The defendant's sexual interest, long-term manipulation, and abuse of the then newly teenage victim are highly concerning and indelibly impacted the victim's sense of self-worth and life trajectory. When the victim should have been learning how to build relationships with peers and focusing on normal teenage girl activities, she was instead entranced and ensnared by the defendant, more than sixteen years her senior. One cannot image another period in a human's life where a difference in age, experience, and judgment presents a greater divide than that of a thirty-year-old man and a thirteen-fourteen-year-old child. Perhaps the defendant's personal issues (ACES 5 PSR ¶ 84), precluded insightful analysis of his actions and trespasses against MV, but that does not lessen the impact incurred. This

Government's Sentencing Memorandum - 5
*United States v. Keith Daniel Freerksen* CR24-086 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

crime permanently scarred MV, forever weakened her self-esteem, and indefinitely harmed members of her family who were left to believe she may never return and certainly would never return intact. All of this agony was in the name of achieving sexual gratification for Freerksen. The damage Freerksen inflicted is immeasurable.

While MV was missing, her family members and friends spent their time scouring streets, submitting data to human remains databases, calling morgues, and fearing their daughter and friend had been murdered. *Exhibit A, Family Friend Impact Letter*. MV's parents and siblings went a month not knowing if MV was dead or alive. Her younger sibling feared being abducted and now fears periods of separation from family members. *PSR ¶ 23*. Describing the chain of events Freerksen set in motion as a parent's worst nightmare fails to adequately capture the gut-wrenching anguish and grief endured by MV's loved ones. *PSR ¶¶ 18-27, Statement of Mother*.

### 2.    The History and Characteristics of the Defendant

Freerksen's conviction history is an aggravating factor in this case. In 2017, Freerksen plead guilty to ten counts of Possession of Material Depicting Sexual Abuse by a Child. *PSR ¶ 50*. The timeline of events reveals Freerksen served thirty-six months imprisonment and ultimately went to live with his father and grandmother where he essentially immediately began targeting, grooming, and exploiting MV. It is very alarming that neither of Freerksen's family members intervened when he returned home with then fourteen-year-old MV in tow. Freerksen was undeterred by his previous sex offense conviction, corresponding imprisonment, and registration obligation. The rapid recidivism between Freerksen's release from prison following child pornography offenses and the dedicated months he spent manipulating and enticing MV evidence he is either unwilling or unable to refrain from sexually abusing minors. A lengthy period of incarceration ensures community safety for repeat child predator.

//

//

Government's Sentencing Memorandum - 6
*United States v. Keith Daniel Freerksen* CR24-086 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 3.    Promoting Respect for the Law, Providing Just Punishment, and Affording Adequate Deterrence to Criminal Conduct

There are very few crimes that are more serious than those involving the sexual abuse and exploitation of children. As a result, Congress has determined that such crimes must be met with substantial punishment, both to deter the conduct itself and to protect children from those who would victimize them. *See, e.g., New York v. Ferber*, 458 U.S. 747 (1982) (noting, nearly 30 years ago, that the "Government has a compelling state interest in protecting children from those who sexually exploit them, including both child molesters and child pornographers"). The need for a substantial sentence here is clear – a convicted child sex offender invested more than a year of time convincing a minor child to engage in repeated sexually explicit acts, drove across the United States to collect his victim, manipulated the is victim into believing her family would be better if she was not a member, and kept her secreted from loved ones and law enforcement for a month while he abused her repeatedly and daily. A sentence of two-hundred-forty months' custody is entirely warranted and sends a clear message to the community that the repeated sexual exploitation and abuse of minor children will not be tolerated.

//

//

Government's Sentencing Memorandum - 7
*United States v. Keith Daniel Freerksen* CR24-086 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

IV.    CONCLUSION

For the forgoing reasons, the government respectfully recommends that the Court impose a sentence of two-hundred-forty months of imprisonment concurrent with Van Buren County, Michigan cause number 24000110FY, followed by lifetime supervision, and restitution.

DATED this 29th day of January 2025

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*s/ Cecelia Y. Gregson*
CECELIA Y. GREGSON
Assistant United States Attorney
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Fax:  (206) 553-0755
Email:  cecelia.gregson@usdoj.gov

Government's Sentencing Memorandum - 8
*United States v. Keith Daniel Freerksen* CR24-086 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970